UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERONIMO AGUIRRE ESQUIVEL, SR.,

    Petitioner,

v.                                                     CASE NO. 8:06-CV-1678-T-27TBM

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se,* initiated this action by filing a Petition for Writ of Habeas Corpus (hereinafter "petition") pursuant to 28 U.S.C. §2254 (Dkt. 1). Petitioner challenges his 2002 conviction for aggravated assault entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida. Respondent has filed a response to the petition (Dkt. 10), and Petitioner has filed a reply thereto (Dkt. 15). The matter is now before the Court for consideration on the merits. An evidentiary hearing is not required for the disposition of this matter. Rules Governing Section 2254 Cases 8(a) (2009).

### Background

Following a jury trial, Petitioner was found guilty of aggravated assault (Dkt. 14, Ex. 1 at pg. 35). Petitioner was sentenced to 20 years in prison (Id. at pgs. 37-44). Petitioner appealed, and the state appellate court affirmed without written decision (Dkt. 14, Ex. 5); *Esquivel v. State*, 864 So. 2d 410 (Fla. 2nd DCA 2003)[table].

Subsequently, Petitioner filed a pro se motion for postconviction relief raising five claims (See Dkt. 14, Ex. 6 at pg. 1). On August 17, 2004, the postconviction court summarily denied all of Petitioner's claims except his second claim (Dkt. 14, Ex. 6). On May 16, 2005, an evidentiary hearing was held regarding Petitioner's second claim (Dkt. 14, Ex. 7 at pg. 3). Following the evidentiary hearing, the postconviction court denied Petitioner's second claim (Dkt. 14, Ex. 7). Petitioner appealed, and the state appellate court per curiam affirmed (Dkt. 14, Ex. 11); *Esquivel v. State*, 936 So. 2d 571 (Fla. 2nd DCA 2006)[table].

On September 8, 2006, Petitioner filed the instant federal habeas petition (Dkt. 1). In his petition, Petitioner raises four grounds for relief:

1. Admission of the victim's testimony that: a) "[w]hen [Petitioner] wasn't in jail, he would go to the property"; and b) the victim's mother's life was in danger as a result of Petitioner's presence, deprived Petitioner of a fair trial;

2. Trial counsel was ineffective in failing to investigate and call witnesses on behalf of the defense;

3. Trial counsel was ineffective in failing to object to, and move for a mistrial based on, the prosecutor's prejudicial statements and misconduct during closing argument; and

4. He was deprived due process when the State suppressed or failed to disclose evidence of an officer's investigation which revealed that residents residing near to where the incident occurred indicated that they heard Petitioner and the victim arguing, but did not indicate whether they heard gunshots.

## Standards of Review

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty

Act of 1996 ("AEDPA"), this Court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). It is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." *Id. Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

**Ineffective Assistance of Counsel Standard**

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland's* two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

## Discussion

**Ground One**

In Ground One, Petitioner asserts that he was denied a fair trial when the victim[1] testified "[w]hen [Petitioner] wasn't in jail, he would go to the property." Petitioner argues that the victim's statement implied that Petitioner had been in jail frequently, and implied that Petitioner had a criminal

---

[1] The victim was Petitioner's son (Dkt. 2 at pg. 2 of Initial Brief).

3

propensity. Petitioner further asserts that the damage caused by the victim's statement was compounded by both the victim's testimony suggesting that the victim's mother's life was in danger by Petitioner's presence, and the victim's testimony regarding an argument between the victim's mother and Petitioner and his testimony that there were "legal consequences" for whatever Petitioner did to the victim's mother.

Initially, Respondent asserts that Petitioner's claim is procedurally barred because he did not raise a federal claim in state court. The Court agrees. Before this Court may grant habeas relief to a state prisoner under 28 U.S.C. § 2254, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state postconviction motion. See § 2254(b)(1)(A),(c); *Keinz v. Crosby*, 2006 U.S. App. LEXIS 4448, 2006 WL 408686 (11th Cir. 2006); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan*, 526 U.S. at 842. A § 2254 petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." *Pruitt v. Jones*, 348 F.3d 1355, 1358 (11th Cir. 2003) (citing 28 U.S.C. §2254(c)). In so doing, a state prisoner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary." *Pruitt*, 348 F.3d at 1358-59 (citing *O'Sullivan*, 526 U.S. at 845). The failure to properly exhaust state court remedies results in a procedural default of the unexhausted claims. *O'Sullivan*, 526 U.S. at 847.

"If the petitioner has failed to exhaust state remedies that are no longer available, that failure is a

procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001)(citing *O'Sullivan*, 526 U.S. at 845-6). Under the first exception, to establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999); *see also Murray v. Carrier*, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions. *See United States v. Frady*, 456 U.S. 152 (1982). In other words, he must show that there is at least a reasonable probability that the outcome of the proceeding would have been different. *See Henderson v. Haley*, 353 F.3d 880, 892 (11th Cir. 2003) (citations omitted).

Under the second exception, a federal court may review a procedurally defaulted claim if such review is necessary to correct a fundamental miscarriage of justice. *See Henderson*, 353 F.3d at 892 (citing *Murray*, 477 U.S. at 495-96). "A 'fundamental miscarriage of justice' occurs in an extraordinary case where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id*. This exception relates to a petitioner's "actual" rather than "legal" innocence. *See Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Murray*, 477 U.S. at 495-96)). "To meet this standard, a petitioner must 'show that it is more likely than not that no reasonable juror would have convicted him' of the underlying offense." *Panarites v. Crosby*, 2006 U.S. Dist. LEXIS 4202, 2006 WL196939 at *5 (M.D. Fla., Jan. 24, 2006) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Moreover, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." *Johnson*, 256 F.3d at 1171 (citing *Calderon*, 523 U.S.

5

at 559 (internal quotation omitted)).

In his Initial Brief on direct appeal, Petitioner did not raise a claim of denial of federal due process as a result of the admission of the victim's testimony (Dkt. 14, Ex. 2). Petitioner merely argued that the victim's testimony was inadmissible under Florida law, and that the outcome of the trial was unreliable as a result of the erroneous admission of the testimony. (Id.). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *O'Sullivan*, 526 U.S. at 845. In his Initial Brief, Petitioner cited exclusively to state cases, and his substantive argument addressed only Florida law (Dkt. 14, Ex. 2). Nothing in Petitioner's brief would have alerted the state court to the presence of a federal claim about due process. Therefore, Petitioner failed to exhaust his federal claim.

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, that is, procedurally barred from federal review. *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999). Petitioner would now be barred from raising his federal constitutional claim before the state courts. Florida courts consistently apply the procedural rule that issues that could or should have been raised on direct appeal are procedurally barred from collateral review. See Fla. R. Crim. P. 3.850(c) ("This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."). Therefore, Petitioner procedurally defaulted the instant claim.

Petitioner fails to present argument which demonstrates cause and prejudice that would excuse his default. Nor has Petitioner shown that the fundamental miscarriage of justice exception applies.

Because Petitioner fails to proffer specific facts showing an exception to procedural default, *Hill v. Jones*, 81 F.3d 1015 (11th Cir. 1996), Ground One is procedurally barred from review on the merits.

Even if Ground One were not procedurally barred, it fails on the merits. To the extent Petitioner argues that the trial court erred under Florida law in admitting the testimony, his claim is not cognizable in this action. Generally, a claim alleging a violation of state law is not subject to review by a petition for the writ of habeas corpus. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *McCullough v. Singletary*, 967 F.2d 530, 535-36 (11th Cir.1992).

Petitioner's claim that he was deprived due process and a fair trial is, however, a cognizable federal claim. Federal habeas relief based on a decision to admit evidence can only be granted if the erroneous admission violated Petitioner's federal constitutional rights. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). This requires that the admission of evidence rendered Petitioner's state proceedings fundamentally unfair, i.e., that the wrongly-admitted evidence is a crucial, critical, highly significant factor. *Thigpen v. Thigpen*, 926 F.2d 1003, 1012 (11th Cir. 1991). Nothing in Petitioner's claim comes close to meeting this standard. The victim did not actually testify that Petitioner had, prior to his incarceration for the crime for which he was being tried, previously been in jail. Nor did the victim's testimony suggest Petitioner had a propensity for crime. Petitioner fails to demonstrate that the victim's testimony that "[w]hen [Petitioner] wasn't in jail, he would go to the property" was "a crucial, critical, highly significant factor" leading to his conviction. *Thigpen*, 926 F.2d at 1012. Accordingly, Ground One fails on the merits.

**Ground Two**

In Ground Two, Petitioner claims trial counsel was ineffective in failing to investigate and call witnesses on behalf of the defense. Specifically, in his petition Petitioner asserts that there were six

7

trailers near to where the incident took place, and that he gave counsel the names of two of the residents and asked counsel to contact them (Dkt. 1 at pgs. 7-9). Petitioner further asserts that if a gun had been fired four times, the neighbors would have heard the shots. He argues that had the neighbors' testimony been presented at trial, the testimony could have been used to rebut the State's evidence and impeach the State's witnesses' testimony. Following an evidentiary hearing on the claim, the state trial court denied Ground Two. The court found:

> In ground 2, Defendant claims ineffective assistance of counsel for failing to conduct any pretrial investigation and failed to investigate, interview, and call available witnesses in support of Defendant's Defense to the crime charged.
>
> When ineffective assistance is alleged, the burden is on the person seeking collateral relief to specifically allege the grounds for relief and to establish whether the grounds resulted in prejudice. Effective assistance of counsel does not mean that a defendant must be afforded errorless counsel or that future developments in law must be anticipated. Meeks v. State, 382 So. 2d 673 (Fla.1980). In Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the U.S. Supreme Court provided the following standard for determining ineffective assistance of counsel:
>
>> The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction. . . has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing the errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable . . . [T]he proper standard for attorney performance is of reasonably effective assistance.
>
> 466 U.S. at 686-687. In Downs v. State, 453 So. 2d 1102 (Fla. 1984), the Florida Supreme Court stated that the defendant must affirmatively prove prejudice. The test for prejudice is:
>
>> [T]hat there is a reasonable probability that, but for counsel's

8

unprofessional errors, the result of the proceeding would have been
different. A reasonable probability is a probability sufficient to undermine
confidence in the outcome.

Strickland, 466 U.S. at 694.

In ground 2c, Defendant claims that trial counsel was ineffective for failing to investigate two exculpatory eyewitnesses, Julian and Misael Rodriguez, who would have testified that they were with the Defendant all day and that the Defendant never had a gun. The Supreme Court recently addressed the issue of ineffective assistance of counsel for failure to investigate, interview or call a witness in Nelson v. State, No. SC02-1418, 2004 WL 1207517 (Fla. 2004). The Court held that in cases involving claims of ineffective assistance of counsel for failure to call a witness, a facially sufficient motion should include: (1) the identity of the prospective witness; (2) that the prospective witness would have been available to testify at trial; (3) the substance of the testimony; and (4) an explanation as to how the omission of the testimony prejudiced the outcome of the trial. Id. Defendant has identified the potential witness, the availability to testify at trial, the testimony that said witness would have provided, and that the failure to call said witness prejudiced the Defendant. The Court was unable to conclusively refute the allegations raised in this portion of ground 2. As such the Office of the State Attorney was ordered to respond to the allegations raised in ground 2c.

At the May 16, 2005 evidentiary hearing, Defendant testified as follows:

MR. HERNENDEZ: Did you tell your attorney before trial that there were two eyewitnesses that you wanted called as witnesses, Julian and Misael Rodriguez.

DEFENDANT: Rodriguez? Misael Rodriguez, yes.

MS. HERNENDEZ: You've alleged, have you not, that they would have testified that they were with you the entire day of the offense and that you never had a gun nor committed a crime?

DEFENDANT: Yeah. They were going to testify that I did not carry a firearm.

MR. HERNENDEZ: And, and they were available - - were they available to testify back in 2002?

DEFENDANT: Yes.

MR. HERNENDEZ: And you - - did you give that information to, to your

9

attorney?

DEFENDANT: Yes.

MR. HERNENDEZ: Did they - - did he contact them or, or call them as witnesses in your trial?

DEFENDANT: No.

MR. HERNENDEZ: You've also alleged, sir, that there were other witnesses that were available and would have testified in your trial?

DEFENDANT: Carlos Salinas and Lena Salinas. They are my neighbors.

MR. HERNENDEZ: And what would they have testified to?

DEFENDANT: They are my neighbors and they live 30-meters from where I live when we were having the argument with the son, and they should be witnesses.

MR. HERNENDEZ: And would they have - - do you know what they would have said?

DEFENDANT: When - - Your Honor, when the police - - one was they, they were not interrogated by the police.

MR. HERNENDEZ: Did you tell your attorney to investigate this matter and have them called as witnesses?

DEFENDANT: Yes.

MR. HERNENDEZ: And were they called as witnesses in your trial?

DEFENDANT: No. They didn't come.

MR. HERNENDEZ: Do you know if he ever contacted them?

DEFENDANT: I don't think so. They didn't investigate my case. Oh, they only, they only investigated what, one side of the story. They only investigated what, what they thought they had to investigate.

MR. HERNENDEZ: I'm not talking about the police. I'm talking about your attorney. Did your attorney - - did you tell your attorney to go talk to

10

> these witnesses and to, to investigate their testimony?
>
> DEFENDANT: I did, I did tell him to, to go and talk to, to my, to my neighbors because they're witnesses. They are witnesses and they are my neighbors.

(See May 16, 2005 Transcript of Proceedings, pages 5-8, attached).

> At said hearing, Howard Anderson testified that he inquired as to whether there were any potential witnesses. Mr. Anderson claims the Defendant never gave him the names of Misael or Julian Rodriguez. (See May 16, 2005 Transcript of Proceedings, page 12, attached). He further testified that the Defendant never talked about any neighbors that may or may not have had any relevant evidence. (See January 13, 2005 Transcript of Proceedings, page 13, attached).
>
> After reviewing ground 2, the testimony, evidence, and argument presented on May 16, 2005, the court file, and the record, the Court finds Mr. Anderson's testimony to be more credible than the other witnesses who testified at the evidentiary hearing. Additionally, a defense counsel is entitled to broad discretion regarding trial strategy and "tactical" decisions made at trial. See Harley v. State, 594 So. 2d 352,353 (Fla. 2nd DCA 1992). Therefore, Defendant fails to demonstrate how counsel performed deficiently pursuant to Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). As such, no relief is warranted upon ground 2c.

(Dkt. 14, Ex. 7).

Initially, the Court notes that Petitioner's unsubstantiated allegations are facially insufficient to support an ineffective assistance of counsel claim as to the failure to call these witnesses. "Evidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or an affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *Jordan v. McDonough*, 2008 U.S. Dist. LEXIS 831, 2008 WL 89848 *5 (quoting *United States v. Ashimi*, 932 F. 2d 643, 650 (7th Cir. 1991)). Having failed to provide such evidence, Petitioner's claims as to these witnesses must be denied.

Furthermore, during the state court evidentiary hearing on the claim, Petitioner's attorney

testified that Petitioner told him that there were no witnesses who could testify on Petitioner's behalf (Dkt. 14, Ex. 7 at pg. 8). Moreover, during the state court evidentiary hearing, Petitioner did not call the alleged witnesses who he claimed would have testified on his behalf (Id. at pg. 6).

The state court's rejection of Petitioner's claim regarding counsel's failure to call witnesses was not unreasonable. Petitioner bears the burden of overcoming a state court factual determination by clear and convincing evidence. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This Court "must accept the state court's credibility determination and thus credit [the attorney's] testimony over [the petitioner's]. *Coulter v. Herring*, 60 F.3d 1499, 1503 (11th Cir. 1995) (applying the statutory presumption of correctness under § 2254(d) to the state court's credibility determination), *cert. denied*, 516 U.S. 1122, 116 S. Ct. 934, 133 L. Ed. 2d 860 (1996)." *Baldwin v. Johnson*, 152 F.3d 1304, 1316 (11th Cir. 1998), *cert. denied*, 526 U.S. 1047 (1999). The state trial court found Petitioner's attorney's testimony more credible than Petitioner's testimony (Dkt. 14, Ex. 7 at pgs. 4-5). Petitioner does not rebut this determination by clear and convincing evidence.

Petitioner fails to show that the state court's application of the *Strickland* test was unreasonable. Accordingly, Ground Two does not warrant habeas corpus relief.

**Ground Three**

In Ground Three, Petitioner asserts trial counsel was ineffective in failing to object to the prosecutor's improper and prejudicial comments during closing argument or move for a mistrial. Specifically, Petitioner avers that counsel should have objected to the prosecutor asserting his personal opinion that Petitioner was guilty; commenting on the credibility of the State's witnesses; and attacking

the credibility of Petitioner's testimony by stating Petitioner lied (Dkt. 1 at pg. 12). The state trial court summarily denied Ground Three. The court found:

> In ground 4, Defendant claims ineffective assistance of counsel for failing to object to three (3) instances of prosecutorial misconduct and failing to object to prejudicial hearsay statements. Specifically, Defendant claims that trial counsel was ineffective for failing to object to the following three (3) statements made by the prosecutor:
>
> 1. "...that man is guilty right there of committing this crime."
>    "And I submit to you, ladies and gentlemen, that there is no reason not to believe him, that the inconsistencies or the things that Mr. Anderson has brought up are minor.. ."
>
> 2. "...Mr. Esquivel, Senior, gets up here today and tells you, I don't have a gun; I don't own a *gun.* Were [sic] did these three shots come from that night? That was a lie. What else was a lie? ..."
>
> 3. "And I'm submitting to you right now, ladies and gentlemen, that there's no reason whatsoever to disbelieve what those three witnesses said."
>
> 4. "...When this individual pulls up and is excited, anxious, scared, the actions of a person who has just gone through a traumatic and life-threatening experience. That's the description that the officer basically gave ..."
>
>    "He got away and he got away with the evidence, the gun. But that's no reason, ladies and gentlemen, that you shouldn't believe Jeronimo Esquivel, Junior about what happened that day."
>
> As to Defendant's claim that trial counsel failed to object to specific instances of prosecutorial misconduct, an improper statement made by the prosecutor may lead to a new trial if the statement will prejudice the jury in its duty to presume the defendant innocent and to weigh impartially the evidence. Ruiz v. State, 395 So. 2d 566 (Fla. 1981). Further, it is well settled that a prosecutory [sic] must confine closing arguments to evidence in the record, and must refrain from comments that could not be reasonably inferred from the evidence. Ford v. State, 702 So. 2d 279, 280 (Fla. 4th DCA 1997). After reviewing the Motion, the court file, and the record, the Court finds that the comments made by the prosecutor during closing arguments were proper. Therefore, Defendant has failed to meet the first prong of Strickland in that he has failed to prove that counsel acted deficiently in failing to object to the prosecutor's statements. Davis v. State, 848 So. 2d 418 (Fla. 2d DCA 2003). Since defendant has failed to meet the first prong of Strickland, it is unnecessary to address the prejudice component. Downs v. State, 740 So. 2d 506,

518 n. 19 (Fla. 1999). As such, no relief is warranted upon ground 4.
(Dkt. 14, Ex. 6 at pgs. 5-6).

Initially, the Court agrees with Respondent that this claim is unexhausted and procedurally barred because Petitioner failed to raise this claim in his brief on appeal of the order denying his postconviction motion (Dkt. 14, Ex. 8).[2] *See Pruitt*, 348 F.3d at 1358-59 (citing *O'Sullivan*, 526 U.S. at 845)("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process, including review by the state's court of last resort, even if review in that court is discretionary."). Petitioner has not argued nor demonstrated cause and prejudice to overcome the procedural default and has not shown that a fundamental miscarriage of justice will occur if this Court does not reach the merits of this claim.

Even if the claim was not procedurally barred, it fails on the merits. The state trial court denied this claim because it determined that the statements were appropriate. Under Florida law, trial counsel is permitted wide latitude in arguing to a jury. *Breedlove v. State*, 413 So. 2d 1 (Fla. 1982). Federal law also allows wide latitude in this regard. To prevail under federal law, Petitioner must show the comments so infected the trial with unfairness as to make the resulting conviction a denial of due process. *Darden v. Wainwright*, 477 U.S. 168 (1986).

It is not within the province of this Court to determine whether the state courts properly resolved an issue of state law. That is for the state courts to decide. *Herring v. Secretary, Dept. of Corrections*, 397 F. 3d 1338 (11th Cir. 2005). Because the state court determined that the comments in question were appropriate under state law, Petitioner's trial counsel did not perform deficiently by not requesting a

---

[2]Petitioner's postconviction motion was denied following an evidentiary hearing (Dkt. 14, Ex. 7). Consequently, Petitioner was required to file an appellate brief and address the claim therein. *See Cortes v. Gladish*, 216 Fed. Appx. 897, 989 (11th Cir. 2007).

curative instruction or mistrial. It is not deficient performance to fail to object to matters that are not objectionable. *See Diaz v. Sec'y for Dep't of Corr.*, 402 F.3d 1136, 1142 (11th Cir. 2005)(failure to raise meritless arguments will not render counsel's performance ineffective). And, had the objection been made by trial counsel, it would have been overruled by the trial court and the comments allowed to stand. Therefore, there was no prejudice. This claim fails both prongs of the *Strickland*.

Furthermore, it can be reasonably concluded that none of the comments so infected the trial with unfairness as to make the resulting conviction a denial of due process. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 642 (1974); *Cargill v. Turpin*, 120 F.3d 1366, 1379 (11th Cir.1997)(if reviewing court is confident that, absent improper prosecutorial remarks, jury's decision would have been no different, proceeding cannot be said to have been fundamentally unfair, and habeas relief is not warranted). In view of the evidence which established his guilt of the crime for which Petitioner was found guilty, any claimed constitutional error in the prosecutor's remarks had no substantial and injurious effect or influence in determining the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

Petitioner fails his burden of proving that the state court's resolution of this claim was an unreasonable application of controlling Supreme Court precedent. Accordingly, Ground Three does not warrant habeas corpus relief.

**Ground Four**

In Ground Four, Petitioner asserts the State committed a *Brady* violation[3] when the State suppressed or failed to disclose an investigation by Officer Helms indicating that residents of six trailers said that they heard Petitioner and the victim arguing, but none of them said that they heard gunshots.

---

[3]*Brady v. Maryland*, 373 U.S. 83 (1963).

The state trial court summarily denied Ground Four. The court found:

> In ground 5, Defendant claims that a <u>Brady</u> violation occurred. Specifically, Defendant claims that the State suppressed or failed to disclose an investigation conducted by the Hillsborough County Sheriff's Office on the night in question, which would have proven that none of the residents of six (6) trailers heard gun shots.
>
> Defendant must prove the following to substantiate his <u>Brady</u> claim: (1) that the Government possessed evidence favorable to the defendant (including impeachment evidence); (2) that the defendant does not possess the evidence nor could he obtain it himself with any reasonable diligence; (3) that the prosecution suppressed favorable evidence; and (4) that had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceedings would have been different. <u>Brady v. Maryland</u>, 373 U.S. 83 (1963); see also <u>Hegwood v. State</u>, 575 So. 2d 170, 172 (Fla. 1991). However, Defendant fails to present a facially sufficient motion in regards to the <u>Brady</u> violation. Defendant does not allege that he could not have obtained the investigation with any reasonable diligence.
>
> Moreover, Defendant does not allege that the State suppressed evidence, but merely that it did not present this evidence at Defendant's trial. However, "the state has a burden to bring forth substantial evidence tending to show the commission of the charged crime." <u>McArthur v. State</u>, 793 So. 2d 1190 (Fla. 5th DCA 2001). Additionally, "[the] state's burden of proof beyond a reasonable doubt is a requirement to establish the defendant's guilt ...." <u>Id</u>. Accordingly, it is not the state's duty to present exculpatory evidence for a defendant. As such, Defendant is not entitled to relief upon ground 5.

(Dkt. 14, Ex. 6 at pgs. 6-7).

As in Ground Three, *supra*, the Court agrees with Respondent that this claim is unexhausted and procedurally barred because Petitioner did not raise the claim on direct appeal (Dkt. 14, Ex. 2),[4] and failed to address the issue in his appellate brief on appeal of the denial of his postconviction motion (Dkt. 14, Ex. 8). Petitioner has not argued nor demonstrated cause and prejudice to overcome the

---

[4] *See, e.g., Rose v.State*, 675 So. 2d 567, n.1 (Fla. 1996)(movant's claims which were or should have been raised on appeal, including a *Brady* claim concerning Rose's statements to police, were procedurally barred).

16

procedural default and has not shown that a fundamental miscarriage of justice will occur if this Court does not reach the merits of this claim. Accordingly, Ground Four is denied as procedurally barred.[5]

## Conclusion

For the foregoing reasons, the Court finds that Petitioner is not entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE and ORDERED** in Tampa, Florida, on _July 13th_, 2009.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy to: Petitioner *pro se*
Counsel of Record

---

[5] Even if the claim was not procedurally barred, it fails on the merits. To make a *Brady* claim, Petitioner "must prove (1) that the state possessed evidence favorable to the defendant; (2) that he did not possess the evidence nor could he have obtained it himself with any reasonable diligence; (3) that the prosecution suppressed the favorable evidence; and, (4) that had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceedings would have been different." *United States v. Bailey*, 123 F.3d 1381, 1397 (11th Cir. 1997). Under the *Brady* rules the Government is not required "to furnish a defendant with information which he already has or, with any reasonable diligence, he can obtain himself." *United States v. Prior*, 546 F.2d 1254, 1259 (5th Cir. 1977).

Petitioner does not meet his burden to prove a *Brady* violation. *See Romine v. Head*, 253 F.3d 1349, 1357 (11th Cir. 2001)("A petitioner has the burden of establishing his right to federal habeas relief and of proving all facts necessary to show a constitutional violation."). Petitioner wholly fails to allege or demonstrate that he could not have obtained the results of Officer Helms' investigation with due diligence, or that he could not have obtained the information himself. Moreover, it appears from a reading of the trial transcript that Petitioner's trial counsel was in possession of Officer Helms' investigation report (See Dkt. 10, Ex. 1, Vol. II, Trial Transcript at pg. 85). Finally, Petitioner fails to demonstrate a reasonable probability exists that the outcome of the trial would have been different had Officer Helms' investigation been disclosed to the defense. Petitioner has not provided the Court with Officer Helms' investigation report. Furthermore, Petitioner only asserts that none of the residents "said they heard gun-shots." (Dkt. 14, Ex. 1 at pg. 15). He does not allege or demonstrate that the residents were asked if they heard gun shots, and that they denied hearing them.